## CHARLES H. WINFIELD v. SAMUEL B. POTTER.

*Dismissal of Complaint—Pendency of another Suit for same Cause of Action.*

When there is no evidence furnished under the answer setting up a defence, that a suit is already pending for the same cause of action, the Court cannot presume the answer to be true.

Mason, J.—The only point presented by the Appellant in this case, is the one raised upon .the trial, on his motion to dismiss the complaint, upon the ground that he had sustained the sixth defence set up in his answer, which was, in short, the pendency of a prior suit for the same cause of action, in the name of John B. Ireland, receiver, which suit, it was claimed, was prosecuted for the benefit of the Plaintiff in this suit. The Court properly overruled this motion. There is no evidence in the case to show that the suit by the receiver (Ireland) was commenced first; and besides, the Defendant utterly failed to show that the suit brought by Ireland was for the same cause of action embraced in the complaint in the present suit. The present suit is on an action at law to recover of the Defendant $1,125, upon an express contract by the Defendant to pay the same to H. B. Hart, who assigned the same to F. B. Betts, and who assigned the same to the Plaintiff in this action, in which suit the Plaintiff declares upon the contract, setting forth the assignments from Hart to Betts, and from Betts to him. The suit by Ireland, receiver, is a creditor's suit strictly, brought by Ireland, as receiver, to enforce the collection of a judgment in this Court, in favor of the present Plaintiff against Betts and Thompson. The complaint sets forth the recovery of the judgment against Betts and Thompson, the issuing of an execution thereon to the Sheriff, and the return of nulla bona by the Sheriff. The Defendant in this suit, and both Betts and Thompson, were made Defendants, and the object of the suit was to set aside a bill of sale of certain property made by Thompson, of the firm property, to the Defendant Potter, as fraudulent as

against the creditors of Betts and Thompson, or else to reform such bill of sale, so as to make Potter liable for the debts of Betts and Thompson, and that Potter be decreed to insert a covenant in that bill of sale, obligating himself to pay the debts of the said Betts and Thompson.

The two suits are not near enough alike to claim relationship, and I am satisfied that the keenest judicial perception will never be able to discover their identity. The suit in the action at law by the Plaintiff against Betts and Thompson *was*, I am satisfied, upon the same note which was the foundation of the action in the present suit—or rather, was the same note which the Plaintiff in the present suit alleges that Potter agreed to pay. But the creditor's suit against the Defendant and Betts and Thompson was to reach the assets of Betts and Thompson in the hands of the Defendant, or to obtain the judgment of this Court that he be decreed to pay the Plaintiff's judgment, &c. It is possible that in such creditor's suit the receiver may include this demand among others, and it is also possible that the Plaintiff has collected his debt in that suit, but there is nothing here to show it except the affidavit made by Mr. Chester, to obtain relief against this judgment.

This Court, as an appellate tribunal, cannot grant to the Defendant the relief which he asks. He must make his motion in the Supreme Court, which Court has full power over the judgment, and will not, I presume, allow the same demand to be collected twice. The Appellant's counsel has informed us, in his brief, that he deems it safe to rest the case on this one point, without going into the case or arguing any other exception; and I will only say, in regard to the other exceptions, that I have carefully examined the various rulings of the Court below upon the questions of evidence, and find no errors committed calling for the reversal of the judgment on that ground.

The charge of the Judge to the jury submitted fairly every proposition in the case to the jury, and none of the exceptions thereto were well taken; and I advise the affirmance of the judgment.

Opinion by CLERKE, J.

CLERKE, J.—This action is brought on an agreement, by which the Defendant promised to pay H. B. Hart one thousand one hundred and twenty-five dollars whenever he should receive certificates under a contract between Frederick F. Betts & Co. and the government of the United States, for the making and delivery of five thousand sets of military equipments, provided he should receive certificates to that amount. The Defendant became the assignee of this contract with the government of the United States, by sale from Betts & Co., their assets including the equipments, for the sum of $8,000, which they had previously owed him. The consideration of this agreement was that Hart should aid Potter in procuring the inspection and acceptance by the government of these military equipments. It also appeared that Frederick F. Betts & Co. owed this sum of $1,125 to Hart, at the time of the sale of their assets to the Defendant. Hart assigned the agreement with the Defendant to the Plaintiff in this action. The answer denies the assignment by Hart to the Plaintiff; sets up that the Plaintiff is an attorney-at-law, with the intent and for the purpose of bringing a suit thereon, contrary to the statute; that Hart, at the same time when Defendant signed the agreement above mentioned, signed an agreement, in which he promises to aid Potter in getting the goods examined by the government, " without charge."

The answer also sets up fraudulent representations on the part of Hart to induce the Defendant to sign the agreement; that Hart never aided him in procuring the certificates, and, in fact, that he never received from the government any of the certificates mentioned in the agreement. For a sixth defence he sets up the pendency of another action.

The Defendant's counsel moved to dismiss the complaint, on the ground that another action for the same cause was then pending. There was nothing to show that the other action was for the same cause, except that it was for a similar amount; but it was between parties other than the parties to this suit. The Judge, in his charge to the jury, instructed them that the fact set up, that the Plaintiff in this action is an attorney-at-law, practising in New Jersey,

20

is no defence.    There was no evidence pending showing that the Plaintiff purchased the agreement with the intent and for the purpose of bringing a suit thereon.    All the other questions of fact were fairly and precisely left to the jury.

The exceptions are clearly untenable.    The judgment should be affirmed, with costs, and ten per cent. damages.

Affirmed.

JOEL TIFFANY,<br>State Reporter.